IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DION THOMPSON, )<br>No. M18222, )<br>   )<br>           Plaintiff, )<br>   )<br>   vs. )<br>   )<br>ZACHARY ROECKEMAN, )<br>MICHAEL SANDERS, and )<br>VENTURES JACKSON, )<br>   )<br>           Defendants. ) | Case No. 15-cv-00551-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

    Plaintiff Dion Thompson is an inmate currently housed in Big Muddy River Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action with respect to the imposition of disciplinary restrictions and the conditions of his confinement during the disciplinary period.

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must

cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff received a disciplinary report for disobeying a direct order and refusing a housing assignment. Defendants Michael Sanders and Ventures J. Jackson comprised the Adjustment Committee presiding over the disciplinary proceedings. Plaintiff pleaded guilty to the charge (*see* Doc. 1, pp. 5, 9). As discipline, he was placed in segregation for three days, demoted to C Grade for one month, and had his day room, commissary, audio-visual, and gym/yard privileges restricted for one month (Doc. 1, p. 9). Warden Zachary Roeckeman concurred with the disciple meted out by the Adjustment Committee (Doc. 1, p. 10).

While "on confinement" and restricted from the day room, plaintiff, who suffers seizures, was not allowed to shower or exercise outside of his cell, visual checks were not performed, and his "confinement exceeded 7 consecutive days of 15 days in a 30-day period" (Doc. 1, p. 5). Also, medical staff was not made aware of his confinement.

Plaintiff alleges that all three defendants, Warden Roeckeman and Adjustment Committee members Sanders and Jackson: (1) imposed disciplinary restrictions without following "20 Ill. Admin. Codes of 'Placement Confinement;'" and (2) subjected him to cruel and unusual punishment in violation of the Eighth Amendment (Doc. 1, p. 5). Compensatory and punitive damages are sought (Doc. 1, p. 6). The Court designates these claims as "Count 1" and "Count 2," respectively.

## Discussion

For the reasons that follow, as pleaded, all claims—Counts 1 and 2—fail to state a colorable constitutional claim.

Any failure of the Adjustment Committee and Warden Roeckeman to follow a state law or regulation, by itself, does not violate the Constitution and is, therefore, not actionable under 42 U.S.C. § 1983.  *See Collins v. City of Harker Heights,* 503 U.S. 115, 119 (1992); *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003).  Similarly, imposing three days of segregation and the other restrictions on privileges for 30 days, does not, in and of itself, constitute cruel and unusual punishment.  Not only are the time periods brief, but the restrictions themselves do not deprive Plaintiff of the "minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, medical care, or safety.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

With respect to the conditions of confinement during the 30-day disciplinary period, the complaint does not suggest that any of the three named defendants were personally involved in imposing the particular conditions, and the *respondeat superior* doctrine (supervisory liability) is not applicable in a Section 1983 action.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

Dismissal of the complaint shall be without prejudice, and Plaintiff will be granted an opportunity to amend his complaint.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **July 13, 2015**, Plaintiff shall file an amended complaint.  Failure to file an amended complaint by the prescribed deadline will result

in the dismissal of this action with prejudice for failure to state a colorable claim, and a strike will be assessed for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 9, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**