**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DION THOMPSON,** | ) | |
| No. M18222, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-00551-NJR** |
| | ) | |
| **TERRY GAY,** | ) | |
| | ) | |
| Defendant. | ) | |

# <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Dion Thompson is an inmate currently housed in Big Muddy River Correctional Center. Pursuant to 42 U.S.C. § 1983, Thompson brings suit with respect to the conditions of his confinement during a 30-day disciplinary period. His initial complaint was dismissed because it failed to state a claim (*see* Docs. 1, 5).

Thompson's amended complaint (Doc. 9) is now before the Court for a preliminary review in accordance with 28 U.S.C. § 1915A. Pursuant to this statute, the Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint (Doc. 9, pp. 5-6), on March 29, 2015, Thompson received a disciplinary report from Patrick A. Hoxworth for "unauthorized movement." He was convicted of the charge; as discipline, Thompson was demoted to C Grade for one month, and his day room, commissary, and gym/yard privileges were also restricted for one month.

While under disciplinary restrictions, Thompson repeatedly asked Defendant C/O Terry Gay for permission to shower. C/O Gay denied the request, explaining that Thompson was only allowed in the day room when he was going to get his medication or to meals. Under that strict interpretation of the restrictions, Thompson was, in effect, confined to his cell 24 hours a day. Furthermore, because his cell was small, and he is a self-described "big guy," Thompson could not exercise.

Thompson characterizes the denial of showers and exercise, and being kept in his cell 24 hours a day for 30 days, as both cruel and unusual punishment and a denial of due process. He seeks monetary damages, as well as a preliminary injunction in the form of a general prohibition against day room restrictions.

## Discussion

The amended complaint makes clear that Thompson is attempting to pursue a claim against a new defendant, based on an entirely different set of facts than those presented in the original complaint. The original complaint (Doc. 1) was premised upon the issuance of a

disciplinary report on February 24, 2015, by Tom Humerickhouse for disobeying an order (refusing housing). Thompson was convicted of the charge; as discipline he was placed in segregation for three days, demoted to C Grade for one month, and had his day room, commissary, audio-visual, and gym/yard privileges restricted for one month (Doc. 1, p. 9). The incidents at issue in the two pleadings occurred a month apart and stemmed from different doses of discipline. There is nothing to suggest an overlap in the restrictions imposed in February and in March. Although the 30-day restrictions imposed were virtually identical, and Thompson took issue with the lack of showers and recreation in his original complaint, the claims are clearly distinct from those presented in the amended complaint.

When the original complaint failed to state a colorable claim, the Court explained the flaws and, rather than dismissing the action, allowed Thompson an opportunity to amend his pleading. A litigant, especially one proceeding *pro se*, should be afforded an opportunity to amend his complaint, "unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Commission,* 377 F.3d 682, 687 (7th Cir. 2004). *See also Perez v. Fenoglio,* 792 F.3d 768, 783 (7th Cir. 2015); *Tate v. SCR Med. Transp.*, No. 15-1447, 2015 WL 9463188, at *2 (7th Cir. Dec. 28, 2015). By allowing amendment, rather than dismissing the action, a second filing fee is avoided (*see* 28 U.S.C. § 1915 (a) and (b)).

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course. Nevertheless, that liberal rule cannot be abused or used to skirt other statutory restrictions. Instead of curing the deficient claims, Thompson has attempted to present a second, distinct lawsuit in a single case, thus avoiding a second filing fee. When leave to amend is

granted, it is not an open-ended invitation to submit unrelated claims until one is successfully pleaded.

Because Thompson is proceeding *pro se*, the Court will merely dismiss the amended complaint without prejudice, so that he still has an opportunity to initiate a new action. This action will be dismissed without prejudice, because the amended complaint illustrates that Thompson has abandoned the claims asserted in the original complaint. If he desires to pursue those claims (which do not appear to face an impending statute of limitations problem), he may initiate a new action and pay an addition filing fee. Under these unusual circumstances, the Court has no obligation to afford Thompson a second opportunity to cure the original claims. This case will be closed.

<u>Disposition</u>

**IT IS HEREBY ORDERED** that, for the reasons stated, the amended complaint (Doc. 9) is **DISMISSED without prejudice**, and this entire action is **DISMISSED without prejudice**. In the Court's discretion, this dismissal shall not count as one of Thompson's allotted "strikes" under 28 U.S.C. § 1915(g). Judgment will be entered accordingly.

**IT IS FURTHER ORDERED** that the motion for service of process at government expense (Doc. 10) is **DENIED as moot**.

Thompson is **ADVISED** that, if he wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Thompson plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464

467 (7th Cir. 1998). Moreover, if the appeal is found to be non-meritorious, Thompson may also

incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)

may toll the 30-day appeal deadline. *See* Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4). A Rule

59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment,

and this 28-day deadline cannot be extended. A Rule 60(b) motion a motion for relief from a

final judgment, order, or proceeding does not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  January 21, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**